**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 10 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KEVIN ALEXANDER IPINA,<br><br>Petitioner,<br><br>v.<br><br>TODD BLANCHE, Acting Attorney General,<br><br>Respondent. | No. 21-54<br><br>Agency No.<br>A204-708-708<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 30, 2026**

Before: GOULD, MENDOZA, JR., and DESAI, Circuit Judges.

Kevin Alexander Ipina, a native and citizen of Guatemala, petitions for

review of a decision of the Board of Immigration Appeals ("BIA") dismissing his

appeal from an order of an Immigration Judge ("IJ") denying his applications for

asylum, withholding of removal, and protection under the Convention Against

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Torture ("CAT").  He also appeals the denial of several due process claims.

"Where, as here, the BIA agrees with the IJ decision and also adds its own

reasoning, we review the decision of the BIA and those parts of the IJ's decision

upon which it relies."  *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1027–28 (9th Cir.

2019).  We "review legal and constitutional questions, including alleged due

process violations, de novo."  *Vilchez v. Holder*, 682 F.3d 1195, 1198 (9th Cir.

2012).  Because the parties are familiar with the facts, we do not recount them

here.  We have jurisdiction under 8 U.S.C. § 1252.  We grant the petition.

We review de novo the denial of a petitioner's statutory right to obtain

counsel, which is "[r]ooted in the Due Process Clause," and we are "guided not by

bright-line rules but by a fact-specific inquiry" focusing on whether Ipina was

given a reasonable time to obtain counsel.  *See Usubakunov v. Garland*, 16 F.4th

1299, 1303–04 (9th Cir. 2021) (citing *Biwot v. Gonzales*, 403 F.3d 1094, 1099 (9th

Cir. 2005)).  When a petitioner is wrongly denied the assistance of counsel, a

showing of prejudice is not necessary to prevail.  *Id.* at 1307.  To determine what

constitutes a reasonable time, we weigh the following factors: (1) "the realistic

time necessary to obtain counsel"; (2) "the time frame of the requests for counsel";

(3) "the number of continuances"; (4) "any barriers that frustrated a petitioner's

efforts to obtain counsel, such as being incarcerated or an inability to speak

English"; and (5) "whether the petitioner appears to be delaying in bad faith." *Biwot*, 403 F.3d at 1099.

Here, the IJ did not give Ipina a reasonable period of time to obtain counsel in light of significant barriers to seeking counsel posed by his detention in April 2020, less than a month into the COVID-19 pandemic. *See Mangubat v. Garland*, No. 21-70982, 2023 WL 4785515, at *1 (9th Cir. July 27, 2023). Although Ipina told the IJ of his diligent attempts to obtain counsel and to secure the funds needed to afford a private lawyer willing to take his case in the midst of a pandemic, Ipina was granted only two continuances and provided twenty-one business days before being told that he needed to proceed without representation. We have repeatedly cautioned against a "myopic insistence upon expeditiousness" that "render[s] the right to counsel an empty formality." *Usubakunov*, 16 F.4th at 1304 (citation modified). "This is not a case of indefinite continuances, nor is it a case where [Ipina] was trying to game the system." *Id.* at 1307.

Ipina's denial of counsel "is not cured by a purported waiver of the right." *See Biwot*, 403 F.3d at 1100. A petitioner "cannot appear pro se without a knowing and voluntary waiver of the right to counsel." *Id.* Here, Ipina clearly and repeatedly requested counsel at his prior hearings before the IJ, and yet at Ipina's April 30, 2020, hearing, the IJ told him that if he could not find counsel before his next hearing, he would "need to be prepared to go forward on [his] own." At the

next hearing, the IJ confirmed that Ipina did not have an attorney and asked, "[s]o are you prepared to go forward on your own . . . and represent yourself?" In response, Ipina said, "If I have to, yes." At no point did the IJ inquire whether Ipina knew the implications of proceeding without an attorney, *see Ram v. Mukasey*, 529 F.3d 1238, 1242 (9th Cir. 2008), nor did the IJ inform Ipina that he could ask for another continuance. Based on Ipina's equivocal response, Ipina's decision to represent himself was more akin to "compliance with the IJ's exhortation to proceed on his own," than "an effective waiver," *id.*, particularly in light of Ipina's past representations showing that he wanted to have an attorney. *See Colindres–Aguilar v. INS*, 819 F.2d 259, 261 (9th Cir. 1987) (holding petitioner's statement "at the initial hearing clearly expressing his desire to have representation" was a "strong indication[] in the record of petitioner's desire for representation prevent[ing] the immigration judge from assuming that petitioner's silence implies his waiver of his right to representation").

We grant the petition as to the denial of counsel claim and remand to the IJ for a new hearing.[1]

**PETITION GRANTED AND REMANDED.**[2]

---

[1] Because we remand for a new hearing, we do not address Ipina's other challenges.

[2] Ipina's motion to stay removal, **Dkt. No. 5,** is denied. The temporary stay of removal shall remain in place until the mandate issues.